■ CHRISTINE CARTER, Respondent, v RICHARD CARTER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered November 17, 1988, which, *inter alia,* (1) directed him to pay to the plaintiff wife $75 per week as maintenance for a period of two years or until the plaintiff's death or remarriage, (2) directed him to pay the sum of $50 per week per child for support of the parties' two children, (3) directed him to maintain existing medical, drug, dental and life insurance covering the children and the plaintiff during the period during which he is obliged to provide maintenance and child support, (4) awarded the plaintiff exclusive possession of the marital residence until the plaintiff's remarriage, or the children's graduation from high school or earlier emancipation, whereupon the premises would be sold, (5) directed an equal distribution of the proceeds upon the sale of the marital residence, (6) denied his application for counsel fees, (7) granted the plaintiff leave to enter a money judgment against the defendant in the sum of $11,972.83, representing arrears due on a pendente lite order dated July 6, 1987, and (8) denied his application to retroactively modify the pendente lite order.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the award of arrears due under the pendente lite order from $11,972.83 to $9,974.37; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married May 29, 1977. There are two children of the marriage, Suzanne and Neal, both born July 15, 1983. In April 1987 the plaintiff commenced the instant action for a divorce and ancillary relief on the ground of cruel and inhuman treatment. The defendant counterclaimed for a divorce also based upon cruel and inhuman treatment.

By order dated July 6, 1987, the Supreme Court (Dunn, J.) granted the plaintiff pendente lite relief directing the defendant, *inter alia,* to "pay all carrying charges on the marital residence, including, but not limited to mortgage principal and interest, real estate taxes, water, utilities and fuel". The order referred all other requested relief, including, *inter alia,* the question of exclusive occupancy of the marital residence and custody of the infant issue of the marriage, to the trial court. The defendant did not appeal from that order.

On December 10, 1987, the matter appeared on the Trial Calendar and a stipulation was placed on the record which stated, in pertinent part, that the plaintiff would attempt to obtain the necessary financing to pay the defendant the sum of $58,000, in return for the conveyance to her of his interest in the home. Pursuant to the terms of the stipulation, the defendant had the option to vacate the marital residence and, "in lieu and instead of the pendente lite support order", to pay the plaintiff $25 per week maintenance and $25 per week per child in child support. The stipulation further provided that "[i]n the event the husband vacates, from that point on the wife will be responsible for all carrying charges connected with the marital residence".

Pursuant to the stipulation, the defendant vacated the premises in December 1987, and paid the plaintiff $75 per week for the months of January and February 1988. The plaintiff accepted and cashed these checks. Because of a dispute over the interpretation of the language of the parties' stipulation, neither the defendant nor the plaintiff made the January or February 1988 mortgage payments. Subsequently, the plaintiff decided not to obtain the necessary financing to purchase the defendant's interest in the marital residence, and in March 1988 and, later in April 1988, pursuant to a provision of the stipulation requiring the defendant, upon her

decision not to do so, to comply with the pendente lite order, the defendant attempted to pay the mortgage but the lending institution would only accept full payment including the missed January and February payments. The defendant now submits that the arrears awarded to the plaintiff should be reduced by approximately $2,000, representing the two missed mortgage payments which he alleges were the plaintiff's responsibility pursuant to the agreement in effect at the time. We agree.

The only logical interpretation of the parties' agreement is that until the plaintiff unequivocally decided not to obtain the necessary financing to purchase the defendant's interest in the marital residence, the mortgage payments were her responsibility. Accordingly, since the plaintiff's decision not to obtain the necessary financing was made after the January and February 1988 mortgage payments were missed, the arrears awarded to the plaintiff must be reduced by $1,998.46, representing the two mortgage payments which should have been paid by her.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.